REID, Judge.
This is an appeal from a judgment of the 23rd Judicial District Court dismissing plaintiffs’ rule for attorneys’ fees at their costs.
The facts which resulted in this law suit are all well set forth in a decision of this Court in this same case 148 So.2d 360, and by the Louisiana Supreme Court in this case which had granted certiorari and taken the matter up in 245 La. 233, 157 So.2d 892. We will not belabor the record by repetition of all of those facts, but will briefly summarize the events leading up to the rule to tax costs and to allow attorneys’ fees.
When this case was originally tried the Judge of the Lower Court rendered a judgment cancelling an oil lease and awarding attorneys’ fees to plaintiffs’ attorneys in the amount of $3000.00. Defendants took a suspensive appeal to this and this Court rendered a judgment reversing the judg *312 ment of the Lower Court, dismissing plaintiffs’ suit. 148 So.2d 360.
The Supreme Court granted a certiorari and rendered a judgment reversing the Court of Appeal in the following language, to-wit:
“Accordingly, the judgment of the court of appeal is reversed. The judgment of the trial court ordering the cancellation of the contested lease is reinstated, affirmed and made the judgment of this court.” 245 La. 223, 157 So.2d 892, at page 897.
Plaintiffs then sought to collect the sum of $3000.00 attorneys fees, plus Court costs on the grounds that the judgment of the Supreme 'Court reinstated in full the judgment of the District Court which had awarded attorneys’ fees.
Exceptions were filed on behalf of the Surety and the plaintiffs attempted to examine Flaitz, one of the defendants on a judgment debtor rule. Defendant Surety Company resisted this move on the grounds there was no judgment against Flaitz to support the rule since the Supreme Court decree had not reinstated the award of attorneys’ fees and that even assuming the award had been reinstated the attorneys’ fees had already been paid, therefore the debt was satisfied.
The Judge of the Lower Court dismissed the rule on March 22, 1965 and plaintiffs have brought this appeal.
Defendant Flaitz filed in this Court a Peremptory Exception of Res Judicata based on the foregoing facts and that the Supreme Court did not reinstate the judgment as far as the attorneys’ fees were concerned, and therefore the judgment of the Supreme Court was res judicata.
Flaitz’s peremptory exception of res ju-dicata was based on the proposition that this Court had reversed the Lower Court judgment allowing attorneys’ fees and that no demand for reinstatement of the same was made in the application for a rehearing and that the plaintiffs did not urge the rejection of the plaintiffs’ attorneys’ fees in its application for a writ of certiorari or review, and did not ask the Supreme Court to reinstate the award, and therefore the judgment of this Court was res judi-cata.
The American General Insurance Company, another defendant, filed a similar exception of res judicata on the grounds that this Court had rejected the claim for attorneys’ fees and that the plaintiffs failed to urge this as an error when it applied to this Court for a rehearing, and did not urge that this rejection of the attorneys’ fees was an error in its application for writs or in its brief and oral argument before the Supreme Court and therefore had abandoned this contention, and that the decree of this Court reversing the judgment of the Trial Court is now and has been final. A study of the decision and opinion of the Supreme Court reveals that there is no mention made of the question of attorneys’ fees. The Supreme Court in its-decision and decree specifically limited the reinstating of the judgment of the Trial Court to the order cancelling the contested lease. It would have been very easy for the Supreme Court to have reversed the judgment of the Court of Appeal and reinstated the judgment of the District Court,, which would have carried with it the element of attorneys’ fees. However, the Court only ordered the cancellation of the contested lease to be reinstated. We feel that the failure of the Supreme Court to-mention the question of attorneys’ fees was caused by the fact that this was not set up as an error in plaintiffs’ application for writs, and that they evidently considered this point abandoned.
We feel that the case of Picou v. J. B. Luke’s Sons 204 La. 881, 16 So.2d 466 at page 470 is indicative and decisive of the issues in this case. Picou v. Luke’s Sons, supra, holds as follows:
“In relator’s application to this court for writs, it is stated that the excep *313 tions filed by tbe defendants, J. B. Luke’s Sons and the individuals who comprise the partnership, were sustained by the district judge without having been fixed for trial. The judgment of the district court sustaining the exceptions is in the record. It is styled ‘Maggie Picou versus J. B. Luke’s Sons, et al.’ It recites: ‘This matter having come up for hearing on exceptions of No Right and No Cause of Action, filed by defendants, and after hearing the arguments, considering the law and the evidence to be in favor of said defendants * * *: It is ordered * * * that the exceptions of No Cause and No Right of Action filed by the defendants George A. Hormel & Co., Hartford Accident & Indemnity Co., and J. B. Luke’s Sons, Robert Luke, Emmett Luke, Everett Luke, and Herbert Luke, be and the same are hereby sustained and plaintiff’s suit dismissed at her cost.’ Relator’s counsel says that the judge erred in saying that the exceptions were sustained ‘after hearing the arguments’ in so far as the exceptions filed by the Lukes are concerned. Counsel further says that the trial judge later found that he was in error and suggested to counsel that, if he would file an application for rehearing, he thought the application would be granted. But counsel says in his application to this court for writs that he ‘informed the Court that he would not do so, because the time in which a Motion for a New Trial could be legally filed had long since elapsed.’ According to counsel’s statement, instead of following the suggestion which he says the trial judge made that he filed an application for a rehearing, counsel appealed to the Court of Appeal, First Circuit.
In the Court of Appeal counsel filed two briefs on behalf of plaintiff-appellant, one in support of her contention that her petition set out a cause and right of action against George A. Hormel & Company and the Hartford Accident & Indemnity Company, and the other in support of her contention that her petition set out a cause and right of action against J. B. Luke’s Sons. Each of these briefs is in the record, but in neither of them did plaintiff mention this particular point. The Court of Appeal did not mention this point in its opinion. Counsel for the plaintiff, Maggie Picou, filed an application for rehearing in the Court of Appeal, alleging that the opinion and decree rendered in the case were erroneous and contrary to the law and the evidence for the reason that the court was in error in holding that ‘as against J. B. Luke’s Sons, and the individual members of the partnership, petitioner would have to show that the hiring of Paul O. J. Picou by the said Lukes was the proximate cause of the accident which ultimately caused the said Picou’s death, regardless of the terms and conditions of Sec. 3 of Act 167 of 1932.’ Nothing is said in this application for rehearing about the alleged fact that the trial court passed on and sustained the exception of no cause or right of action filed by the Lukes without its having been set down for hearing. Clearly this point was never raised in the Court of Appeal, either on first hearing or in the application for rehearing. Counsel’s failure to urge the point in the Court of Appeal, either on first hearing or on application for rehearing, was an abandonment of it.”
See also Alexander v. City of Shreveport, 205 La. 480, 17 So.2d 716; Reimann v. New Orleans Public Safety, 171 La. 1079, 187 So. 30; State v. Owin, 191 La. 617, 186 So. 46; Louisiana Power & Light Company v. Mosley, La.App., 18 So.2d 210; Rahier v. Rester, La.App., 11 So.2d 87.
The plaintiff having failed to urge as an error on the part of this Court the *314 decision disallowing the attorneys’ fees awarded by the Trial Court in its application for a rehearing, on application for writs of certiorari to the Supreme Court, and in their brief to the Supreme Court, and on oral argument in the Supreme Court they must be concluded to have abandoned any objection that they might have had to that portion of our decree.
For the foregoing reasons this Court hold that the judgment of this Court disallowing the attorneys’ fees and the silence of the Supreme Court on this question in their decision makes the decree of this Court setting aside the Lower Court’s award of $3000.00 attorneys’ fees now final.
The judgment of the Lower Court is hereby affirmed at the cost of the appellant.
Affirmed.